**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATL CORPORATION, a Washington Corporation,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF SEATTLE,<br><br>            Defendant - Appellee. | No. 12-35316<br><br>D.C. No. 2:09-cv-01240-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 7, 2013
Seattle, Washington

Before: ALARCÓN, GILMAN[**], and IKUTA, Circuit Judges.

After the entry of final judgment following a three-day bench trial, ATL

Corporation appeals two interlocutory orders granting partial summary judgment in

favor of the City of Seattle.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The district court erred in granting partial summary judgment to the City with respect to the constitutionality of the dispersion ordinance in its July 19, 2010 order (amended June 10, 2011), because the City failed to meet its burden of proving that there were a reasonable number of sites available for adult cabaret use. *See Isbell v. City of San Diego*, 258 F.3d 1108, 1112 (9th Cir. 2001). The list of sites provided by the City did not give the district court a basis for determining that any particular site would be available for use and "satisfy the conditions of the zoning ordinance in question." *Lim v. City of Long Beach*, 217 F.3d 1050, 1055 (9th Cir. 2000) (citing *Topanga Press v. City of Los Angeles*, 989 F.2d 1524, 1531 (9th Cir. 1993)). The City conceded at oral argument that it had not identified the properties that were legally permitted for sensitive uses or for adult cabaret uses but were not presently operating. Because any parcel on the list could be located within the buffer zone for properties permitted for such sensitive or adult uses, there was insufficient evidence that any particular parcel on the list was reasonably available for use by an adult cabaret. The City also failed to account for the fact that its list would be systematically reduced each time a new adult cabaret opened. Therefore, taking all facts in the light most favorable to ATL, the district court did not have a sufficient basis to determine that there were a reasonable number of

2

alternative sites available as a matter of law.[1]  Accordingly, we vacate the portion of the July 19, 2010 order granting partial summary judgment to the City on that issue.

We affirm the district court's May 25, 2011 order (amended June 10, 2011), granting partial summary judgment in favor of the City with respect to the narrow tailoring of the ordinance and the reasonableness of the City's 120-day deadline to issue a permit.  The district court did not err in holding that the dispersion ordinance was a narrowly tailored means of addressing the City's substantial interest in curbing the secondary effects associated with adult cabarets, *see Isbell*, 258 F.3d at 1115, and the City need not use the least restrictive means of

---

[1]We reject ATL's argument that the availability of only .62 percent of the City's total land area is per se insufficient to provide a reasonable number of alternative sites.  The percentage of land available for use for adult purposes is just one of many factors a district court must consider in evaluating whether a municipality has provided for a sufficient number of alternative avenues of communication.  *See Young v. City of Simi Valley*, 216 F.3d 807, 822 (9th Cir. 2000).

addressing this interest, *see Colacurcio v. City of Kent*, 163 F.3d 545, 553 (9th Cir. 1998).[2]

The district court did not err in rejecting ATL's argument that the 120-day deadline to make a dispersion determination was a facially unconstitutional prior restraint. ATL was collaterally estopped from relitigating the reasonableness of the 120-day deadline in federal court because the identical issue was litigated and decided in a prior state-court action, *see City of Seattle v. Robert D. Davis*, No. 668-62-8-I (Wash. Ct. App. Dec. 3, 2012), and ATL was in privity with Robert Davis, a named party to the prior action. ATL and Davis had a "sufficient commonality of interest" because Davis is the president and sole officer of both ASF and ATL, used both entities in his efforts to secure a permit for the property at issue in the present case, and was in control of the present litigation. *In Re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). Moreover, the district court did not err in concluding that the City had a reasonable need for the 120-day period to complete all analyses, including the dispersion analysis, in deciding whether to

---

[2]Moreover, the City has amended the ordinance to specify that a lot must contain a "legally permitted" use. This amendment has eliminated any unconstitutional vagueness from the ordinance. *See United States v. Williams*, 553 U.S. 285, 306 (2008). The City has a substantial interest in considering "permitted" as opposed to "currently operating" uses in order to minimize secondary effects.

4

grant an applicant a permit, *see* SMC 23.76.002 (discussing the city's "integrated and consolidated land use permit process").[3]

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[3]The parties shall bear their own costs on appeal.